IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL JAMES MCGLAMRY, | No. C 04-02475 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| TRANSMETA CORPORATION, DAVID R. DITZEL, and MARK K. ALLEN, | |
| Defendants. | |

In this securities case, *pro se* plaintiff Darryl McGlamry, a federal prisoner at Elkton Federal Correctional Institution in Lisbon, Ohio, filed a complaint charging defendants Transmeta Corporation, David R. Ditzel and Mark K. Allen with securities fraud. The complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, Securities and Exchange Rule 10b-5, and Sections 11 and 15 of the Securities Act of 1933, all based on false and misleading statements and omissions. Defendants has moved to dismiss the complaint. Defendants' motion to dismiss is granted.

**STATEMENT**

This case was related to a case previously in front of this Court — *In Re Transmeta Corporation Securities Litigation*, Case No. 01-02450 WHA, a consolidated class action of which Mr. McGlamry was a class member. Mr. McGlamry's complaint contains the same factual allegations, causes of actions and defendants as the complaint in that class action. *In Re Transmeta* was vigorously litigated for more than a year. This Court twice granted in part and

1  denied in part defense motions to dismiss the class complaint. In both orders (filed, March 5,
2  2002 and May 24, 2002), the Court dismissed the Section 10(b) and related claims on the
3  merits, leaving only a single claim surviving under Section 11. On the second motion to
4  dismiss, the Court dismissed *with prejudice* the Second Amended Consolidated Complaint, with
5  the sole exception of the Section 11 claim. Following, the class action settled.

6  Before the class settlement was entered as a final judgment, notice of the class action
7  settlement was sent to class members on December 19, 2002. Mr. McGlamry served his notice
8  opting out of the settlement on February 6, 2003. The Court granted final approval of the class
9  action settlement on March 13, 2003. Mr. McGlamry filed his own opt-out complaint on June
10 22, 2004. With the exception of the references to the class and Mr. McGlamry's stock
11 purchase, his complaint reiterates the Second Amended Consolidated Class Action complaint of
12 *In Re Transmeta* verbatim.

13 Since its inception, this case has been stymied by service-of-process issues. As a result,
14 this Court has granted Mr. McGlamry numerous extensions to effect proper service.
15 Notwithstanding his failure to effect proper service, on April 27, 2005, defendants Transmeta
16 and Ditzel made a general appearance in this case by filing a motion to dismiss. On July 11,
17 2005, defendant Mark Allen adopted and joined in its entirety the motion by defendants
18 Transmeta Corporation and David Ditzel to dismiss the complaint. Mr. McGlamry filed an
19 opposition to defendants' motion on June 3, 2005 (entitled "Reply to Motion to Dismiss," Dkt.
20 44).

21 In its motion to dismiss, defendants argue that Mr. McGlamry's claims should be
22 dismissed because they are identical to those claims that were dismissed with prejudice in the
23 class action and that his claim for violation of Section 11 is time-barred. Further, defendants
24 argue that leave to amend is not warranted because any amendment would be futile.

25 Mr. McGlamry admits that his complaint is identical to the Second Amended
26 Consolidated Class Action complaint and acknowledges that this Court has dismissed the very
27 same allegations (Opp. at 1). He, however, requests leave to amend his complaint. In support
28 of this request, Mr. McGlamry argues that as a *pro se* complainant, he is not held to the same

2

1  stringent standards as a trained attorney and points out that he does not have access to research
2  resources, such as the internet (*id.* at 3).  In response to defendants' argument that his Section
3  11 claim is time-barred, he argues that the notice of the class action settlement did not provide
4  him with adequate information to allow him to make an informed decision, and, as a
5  consequence, he filed a request for exclusion from the settlement class (*id.* at 2).  Specifically,
6  he argues that the notice of class settlement did not address the specific allegations of the
7  performance claim (*id.* at 3).

**ANALYSIS**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal for failure to state a claim is appropriate when it appears beyond doubt that plaintiff can prove no set of facts to support a claim entitling him to relief.  *Conley v. Gibson*, 355 U.S. 41, 46 (1957).  On a motion to dismiss, the allegations of plaintiff's complaint are assumed true and a court must draw all reasonable inferences in plaintiff's favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (1987).  While Federal Rule of Civil Procedure 15(a) requires that leave to amend "be freely given when justice so requires," leave to amend may be denied if an amendment would be futile or would be subject to dismissal.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).  For the following reasons, defendants' motion to dismiss is granted.

*First*, with regard to Mr. McGlamry's contention that he deserves leeway because he is a *pro se* plaintiff, it should be noted that he has chosen, against the Court's forewarning in its February 16 order, not to obtain counsel.  As the Court mentioned in its previous order, he is not indigent and presumably had the funds to prosecute this case.  Having chosen to proceed *pro se*, Mr. McGlamry cannot now point to the fact that he is incarcerated and has limited access to resources as a valid reason to be absolved from making informed decisions or pleading allegations that rise to a claim.  It is true that "inartfully plead" complaints of *pro se* plaintiffs are judged by a less stringent standard than pleadings drafted by attorneys.  *Klingele v. Eikenberry*, 849 F.2d 409, 413 (9th Cir. 1988).  Mr. McGlamry's complaint, however, is not the kind of "inartfully plead" complaint contemplated by the federal courts that warrant a less stringent standard.  In fact, Mr. McGlamry's complaint is the work-product of experienced

3

counsel and the result of extensive briefing and oral argument.  Notwithstanding the Court's unwillingness to hold the complaint to a lesser standard, it should be noted that the Court, acknowledging Mr. McGlamry is *pro se* and in prison, has granted him numerous extensions in order for him to litigate his case.

*Second*, Mr. McGlamry's claims that are identical to those claims that were dismissed on the merits in the class action are, likewise, dismissed here for the reasons stated in this Court's prior orders, filed March 5, 2002 and May 24, 2002.

*Third*, Mr. McGlamry's only surviving potential claim, violation of section 11 of the Securities Act of 1933, is time-barred by the statute of limitations.  The statute of limitations for a violation of Section 11 of the Securities Act of 1933 is one year.  "No action shall be maintained to enforce liability created unless brought within one year after the discovery of the untrue statement or the omissions, or after such discovery should have been made by the exercise of reasonable diligence."  15 USC 77(m).  In order to state a claim, plaintiff must "affirmatively plead sufficient facts in his complaint to demonstrate conformity with the statute of limitations." *Toombs v. Leone*, 777 F.2d 465, 468 (9th Cir. 1985).

It is reasonable to conclude that Mr. McGlamry "discovered" the allegedly untrue statement or omission upon receipt of the notice of the proposed settlement in 2002.  Thus, in this case, the limitations period ran in 2003, a year before Mr. McGlamry filed his complaint. Furthermore, the record does not support Mr. McGlamry's contention that the notice of the class action settlement did not provide him with adequate information to allow him to make an informed decision as to whether to opt-out of the settlement.  Specifically, Mr. McGlamry argues that notice "never specifically addressed the performance claim" (Opp. at 3); yet, the notice reads in part "[t]his case arises from allegations that during the Class Period, Defendants engaged in a fraudulent scheme to misrepresent the capabilities of Transmeta's principal [sic] product, the "Crusoe" line of microprocessors, and to misrepresent and conceal Transmeta's

4

true financial condition and business prospects in order to artificially inflate its stock price." (Exh. G at 8[1]).

*Fourth*, with regard to Mr. McGlamry's argument that he is entitled to amend the claim to cure its deficiencies, this order finds that he is not entitled leave to amend the complaint. In its May 2002 order, this Court previously dismissed the 10(b) claim and related claims with prejudice finding that even after class plaintiffs attempted to amend their complaint, the allegations failed to plead particularized facts creating the required "strong inference" of at least deliberate recklessness, an essential element of the claims (2002 Order at 15). Given the repeated failure of experienced attorneys to cure the deficiencies, it is inconceivable that, if given the opportunity, Mr. McGlamry would be able to amend these allegations to provide enough details to induce a strong inference of fraud — especially in light of the fact that Mr. McGlamry, who is incarcerated, has limited access to resources and research tools. Furthermore, as discussed above, with regard to the Section 11 claim, it is time-barred, and, therefore, granting leave to amend would be futile as it is beyond doubt that Mr. McGlamry can prove no set of facts to support a claim entitling him to relief.

## CONCLUSION

For the foregoing reasons the complaint is **DISMISSED WITH PREJUDICE**. The Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: July 22, 2005.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[1] Exhibit G is included in documents, filed April 27, 2005, as part of defendants' request for judicial notice in support of motion to dismiss complaint. The Court takes judicial notice of submitted documents.

5